[802 NYS2d 356]

In the Matter of LESTER YUDENFRIEND, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 29, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lester Yudenfriend was admitted to the practice of law in the State of New York by the Second Judicial Department on April 2, 1952. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent has submitted his resignation pursuant to 22 NYCRR 603.11. The Departmental Disciplinary Committee now moves for an order accepting respondent's resignation and striking his name from the roll of attorneys admitted to practice law in the State of New York.

Respondent's affidavit of resignation, dated June 1, 2005, fully conforms to the requirements of 22 NYCRR 603.11. He acknowledges that there is a pending disciplinary investigation against him. The inquiry was prompted by a notification from the Lawyers' Fund for Client Protection that two checks written from respondent's IOLA account were returned for insufficient funds. Respondent provided some of the documentation requested by the Committee but did not provide a ledger or copies of canceled checks. When he appeared for his deposition, he provided some, but not all of the Committee's requested records. Moreover, respondent asserted his Fifth Amendment privilege against self-incrimination to avoid responding to some of the questions posed of him. Respondent acknowledges that the Disciplinary Committee can draw a negative inference from his failure to respond to its questions, and that his actions can also be considered a failure to cooperate. He admits that his failure to provide a full accounting of his IOLA funds constitutes a violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46), and that his refusal to respond to the Committee's questions constitutes a violation of DR 9-102 (a), (i) and (j). The respondent also recognizes that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits of such charges. He is also delinquent in his registration with Office of Court Administration, having last registered for the 2000/2001 biennial period. Respondent asserts that as a result of the pending investigation, he has determined to resign, that his resignation is freely and voluntarily tendered, and that he is aware of the implications of resignation. Respondent claims that he would

cease all practice of law immediately upon execution of his affidavit.

Accordingly, as the proffered resignation complies with all pertinent Court rules, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors at law in the State of New York.

BUCKLEY, P.J., TOM, MAZZARELLI, SAXE and FRIEDMAN, JJ., concur.

Respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 1, 2005.